CARL P.A. NELSON         115118
BOLD, POLISNER, MADDOW, NELSON & JUDSON
A Professional Corporation
500 Ygnacio Valley Road, Ste. 325
Walnut Creek, CA  94596
(925) 933-7777

Attorneys for Plaintiff
NATHAN MILLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| NATHAN MILLER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> M J RECOVERY, a business entity of unknown form; CHERYL ANNE GOODWIN, aka CHERYL PARLEE, an individual; GERARDO SHARROCK, an individual; AMBROSIO SEVESES, an individual; CHASE AUTO FINANCE CORP., a Delaware corporation and DOES 1 through 25, inclusive, <br><br> Defendants. | NO. 08-CV-01606-JAM-GGH <br><br> **STIPULATION AND ORDER CONCERNING FILING OF SECOND AMENDED COMPLAINT FOR MONEY DAMAGES FOR VIOLATION OF CIVIL RIGHTS, UNLAWFUL REPOSSESSION, FALSE ARREST, MALICIOUS PROSECUTION, AND FOR UNLAWFUL DEBT COLLECTION PRACTICES** |

**WHEREAS**, Plaintiff NATHAN MILLER ("Plaintiff") desires to further amend his First Amended Complaint to restore the cause of action against the CITY OF TRACY, a California municipal corporation; S. FLORES, an individual whose first name is unknown; T. ZUNIGA, an individual whose first name is unknown; Officer REYNA, an individual whose first name is unknown; and DAVID KRAUSS, an individual, in his official capacity as the Police Chief; which cause of action was contained in the original complaint filed in the Superior Court of California in and for the County of San Joaquin on July 16, 2007, and Defendant CHASE AUTO FINANCE CORP. ("Defendant CHASE") has no objection thereto; and

**WHEREAS,** Defendant CHASE AUTO FINANCE CORP. ("CHASE") desires to defer until July 31, 2008 filing its pleading responsive to Plaintiff's complaint herein as amended and Plaintiff

has no objection thereto; and

**WHEREAS**, none of the other Defendants named in the First Amended Complaint has yet filed a pleading responding thereto.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. Plaintiff shall file and serve on the Defendants his Second Amended Complaint in the form attached hereto as Exhibit 1.

2. Defendant CHASE shall have until July 31, 2008 to file and serve its pleading responsive to Plaintiff's Second Amended Complaint herein.

3. Should any of the other Defendants named in Plaintiff's First Amended Complaint filed in the Superior Court of California in and for the County of San Joaquin on June 17, 2008 file a pleading responding thereto before service is effected of Plaintiff's Second Amended Complaint herein, the pleading shall be deemed to apply to Plaintiff's Second Amended Complaint.

|  |  |
|---|---|
| Plaintiff NATHAN MILLER | Defendant CHASE AUTO FINANCE CORP. |
| By: /s/ Carl P. A. Nelson<br>Carl P. A. Nelson, Attorneys for Plaintiff | By: /s/ Wendy C. Krog<br>Wendy C. Krog, Attorneys for Defendant Chase Auto Finance Corp. |
| Dated: July __, 2008 | Dated: July __, 2008 |

**APPROVED AND SO ORDERED.**

Date: July 18, 2008

/s/ John A. Mendez

HON. JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT 1

PDF created with pdfFactory trial version www.pdffactory.com

CARL P.A. NELSON          115118
BOLD, POLISNER, MADDOW, NELSON & JUDSON
A Professional Corporation
500 Ygnacio Valley Road, Ste. 325
Walnut Creek, CA  94596
(925) 933-7777

Attorneys for Plaintiff
NATHAN MILLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| NATHAN MILLER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>M J RECOVERY, a business entity of unknown form; CHERYL ANNE GOODWIN, aka CHERYL PARLEE, an individual; GERARDO SHARROCK, an individual; AMBROSIO SEVESES, an individual; CHASE AUTO FINANCE CORP., a Delaware corporation; CITY OF TRACY, a California municipal corporation; S. FLORES, an individual whose first name is unknown; T. ZUNIGA, an individual whose first name is unknown; Officer REYNA, an individual whose first name is unknown; DAVID KRAUSS, an individual, in his official capacity as the Police Chief; and DOES 1 through 25, inclusive,<br><br>    Defendants. | NO. 08-CV-01606-JAM-GGH<br><br>**SECOND AMENDED COMPLAINT FOR MONEY DAMAGES FOR VIOLATION OF CIVIL RIGHTS, UNLAWFUL REPOSSESSION, FALSE ARREST, MALICIOUS PROSECUTION, AND FOR UNLAWFUL DEBT COLLECTION PRACTICES IN VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (Civil Code § 1788 et seq.) AND THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)** |

1. At all times relevant herein, Plaintiff Nathan Miller was and is now an individual and a homeowner in the City of Tracy, County of San Joaquin.

2. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, defendant CITY OF TRACY was and now is a California municipal corporation located in the County of San Joaquin, State of California.

3. Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

- 1 -  **SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND FOR CIVIL RIGHTS VIOLATIONS**

PDF created with pdfFactory trial version www.pdffactory.com

1  defendant S. FLORES, an individual whose first name is unknown, was a police officer employed by
2  defendant CITY OF TRACY, with Badge No. 1192; plaintiff is further informed and believes and
3  thereon alleges that, in committing the actions and omissions alleged below, defendant S. FLORES
4  was acting under color of law of the State of California and the United States and was acting in the
5  course and scope of his employment by defendant CITY OF TRACY.

6      4. Plaintiff is informed and believes and thereon alleges that at all times relevant herein,
7  defendant T. ZUNIGA, an individual whose first name is unknown, was a police officer employed by
8  defendant CITY OF TRACY, with Badge No. 1013; plaintiff is further informed and believes and
9  thereon alleges that, in committing the actions and omissions alleged below, defendant T. ZUNIGA
10 was acting under color of law of the State of California and the United States and was acting in the
11 course and scope of his employment by defendant CITY OF TRACY.

12     5. Plaintiff is informed and believes and thereon alleges that at all times relevant herein,
13 defendant REYNA, an individual whose first name is unknown, was a police officer employed by
14 defendant CITY OF TRACY, with Badge No. 786; plaintiff is further informed and believes and
15 thereon alleges that, in committing the actions and omissions alleged below, defendant REYNA was
16 acting under color of law of the State of California and the United States and was acting in the course
17 and scope of his employment by defendant CITY OF TRACY.

18     6. Plaintiff is informed and believes and thereon alleges that at all times relevant herein,
19 defendants DOE 1 through DOE 10, are individuals whose respective names are unknown, but each
20 of said Defendants were police officers employed by defendant CITY OF TRACY, with duly issued
21 badges indicating their status as such, the respective numbers of which are unknown, or were
22 employees of said defendant CITY OF TRACY in some other capacity, and plaintiff therefore sues
23 said defendants by their fictitious names; plaintiff is further informed and believes and thereon
24 alleges that, in committing the actions and omissions alleged below, Defendant REYNA was acting
25 under color of law of the State of California and the United States and was acting in the course and
26 scope of his employment by defendant CITY OF TRACY. Plaintiff will amend this complaint to
27 allege their true names, and to the extent not accurately alleged above, capacities, or basis for
28 liability, when the same have been ascertained.

**SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND FOR CIVIL RIGHTS VIOLATIONS**

PDF created with pdfFactory trial version www.pdffactory.com

7. During the time of the events described herein, DAN BILBREY was the Mayor of Defendant CITY OF TRACY; plaintiff is informed and believes and thereon alleges that DAN BILBREY remains on the City Council of Defendant CITY OF TRACY in another capacity.

8. Plaintiff is informed and believes and thereon alleges that BRENT H. IVES is now the Mayor of Defendant CITY OF TRACY and that prior to and during the time of the events described herein BRENT H. IVES served on the City Council of Defendant CITY OF TRACY in another capacity.

9. Plaintiff is informed and believes and thereon alleges that prior to and during the time of the events described herein IRENE SUNDBERG, EVELYN TOLBERT, and SUZANNE TUCKER each served on the City Council of Defendant CITY OF TRACY.

10. Plaintiff is informed and believes and thereon alleges that prior to and during the time of the events described herein, DANIEL HOBBS was the City Manager of Defendant CITY OF TRACY.

11. Plaintiff is informed and believes and thereon alleges that prior to and during the time of the events described herein, Defendant DAVID KRAUSS was the Police Chief of Defendant CITY OF TRACY.

12. Plaintiff is informed and believes and thereon alleges that prior to and during the time of the events described herein, DEBRA CORBETT was the City Attorney of Defendant CITY OF TRACY.

13. Plaintiff is unaware of the true names, capacities or basis for liability of defendants DOE 13 through DOE 25, inclusive, and therefore sues said defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names, capacities, or basis for liability when the same have been ascertained. Plaintiff is informed and believes and alleges that defendants DOE 13 through DOE 25 inclusive, and each of them, are in some manner legally responsible for, and therefore liable to Plaintiff for the injuries and damages suffered by Plaintiff. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when ascertained.

14. Defendant M J RECOVERY is a business entity of unknown form; at all times relevant herein, defendant M J RECOVERY was licensed by the Bureau of Security and Investigative

- 3 -    **SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND FOR CIVIL RIGHTS VIOLATIONS**

PDF created with pdfFactory trial version www.pdffactory.com

1  Services as a Repossessor Agency, with License Number 1379. As such, Defendant M J
2  RECOVERY is subject to the provisions of the Collateral Recovery Act (Business & Professions
3  Code § 7500 et seq.), as well as the provisions of the Rosenthal Fair Debt Collection Practices Act
4  (Civil Code § 1788 et seq.) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

5        15. Plaintiff is informed and believes and thereon alleges that at all times relevant herein,
6  Defendant CHERYL ANNE GOODWIN, also known as CHERYL PARLEE, is an individual, who
7  holds herself out as the owner of Defendant M J RECOVERY; as such she is subject to the
8  provisions of the Collateral Recovery Act (Business & Professions Code § 7500 et seq.), as well as
9  the provisions of the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 et seq.) and the
10 Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

11       16. Plaintiff is informed and believes and thereon alleges that, GERARDO SHARROCK is an
12 individual who, at all times relevant herein was employed by Defendant M J RECOVERY (and, to
13 the extent that Defendant M J RECOVERY is not a separate legal entity, by Defendant CHERYL
14 ANNE GOODWIN, also known as CHERYL PARLEE; plaintiff is further informed and believes
15 and thereon alleges that, in committing the actions and omissions alleged below, defendant
16 GERARDO SHARROCK was a resident in Contra Costa County and was acting in the course and
17 scope of his employment by Defendant M J RECOVERY (and, to the extent that Defendant M J
18 RECOVERY is not a separate legal entity, by Defendant CHERYL ANNE GOODWIN, also known
19 as CHERYL PARLEE).

20       17. Plaintiff is informed and believes and thereon alleges that, AMBROSIO SEVESES is an
21 individual who, at all times relevant herein was employed by Defendant M J RECOVERY (and, to
22 the extent that Defendant M J RECOVERY is not a separate legal entity, by Defendant CHERYL
23 ANNE GOODWIN, also known as CHERYL PARLEE); plaintiff is further informed and believes
24 and thereon alleges that, in committing the actions and omissions alleged below, Defendant
25 AMBROSIO SEVESES was acting in the course and scope of his employment by Defendant M J
26 RECOVERY (and, to the extent that Defendant M J RECOVERY is not a separate legal entity, by
27 Defendant CHERYL ANNE GOODWIN, also known as CHERYL PARLEE).

28       18. Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

PDF created with pdfFactory trial version www.pdffactory.com

1  Defendant CHASE AUTO FINANCE COMPANY was a Delaware corporation doing extensive
2  business within the State of California; to the extent Defendant CHASE AUTO FINANCE
3  COMPANY sought to collect a consumer debt by repossessing it through the agency of Defendant M
4  J RECOVERY (or, if Defendant M J RECOVERY is not a separate legal entity, by repossessing it
5  through the agency of Defendant CHERYL ANNE GOODWIN, also known as CHERYL PARLEE);
6  as such Defendant CHASE AUTO FINANCE COMPANY is subject to the provisions of the
7  Collateral Recovery Act (Business & Professions Code § 7500 et seq.), as well as the provisions of
8  the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 et seq.) and the Fair Debt
9  Collection Practices Act (15 U.S.C. § 1692 et seq.).

10         19. Plaintiff is informed and believes and alleges that at all times relevant to this action, each
11  defendant, including those fictitiously named defendants, was the agent, servant, employee, partner,
12  joint venturer, or surety of the other defendants and was acting within the scope of that agency,
13  employment, partnership, venture, or suretyship with the knowledge and consent or ratification of
14  each of the other defendants in doing the things alleged in this complaint.

15         20. In late 2005, Plaintiff entered into a contract with Defendant CHASE AUTO FINANCE
16  COMPANY to finance his purchase of a 2004 model year Maroon Ford F-350 pickup truck
17  (hereinafter "Ford F-350 pickup truck").  Plaintiff is informed and believes and alleges that sometime
18  in the spring of 2006, Defendant CHASE AUTO FINANCE COMPANY determined to repossess the
19  Ford F-350 pickup truck, and for that purpose contacted Defendant M J RECOVERY and/or
20  Defendant CHERYL ANNE GOODWIN, also known as CHERYL PARLEE, and engaged said
21  Defendant(s) to repossess the Ford F-350 pickup truck.

22         21. On June 29, 2006, plaintiff was checking his mail in his mailbox across the street from his
23  home at 2040 Krohn Road, in Tracy, when a vehicle believed to be a late model Cadillac DeVille
24  sped across North Coral Hollow Road from the shopping center located opposite Krohn Road and,
25  without his permission, entered his driveway. Plaintiff, being concerned about the intentions of the
26  two unknown men in the intruding vehicle (now known to be Defendants GERARDO SHARROCK
27  and AMBROSIO SEVESES) that suddenly entered his property, ran to the Ford F-350 pickup truck
28  and climbed into the cab.

PDF created with pdfFactory trial version www.pdffactory.com

22. The other vehicle parked a short distance away from Plaintiff's truck with the evident intent of preventing him from leaving his property. The driver of the other vehicle, Defendant GERARDO SHARROCK, jumped out of the vehicle, approached Plaintiff's truck and began banging on the window, demanding that he exit the truck and threatening to cause him great bodily harm.

23. Plaintiff demanded that Defendants GERARDO SHARROCK and AMBROSIO SEVESES leave his property immediately, but they refused to do so. When Plaintiff was unable to contact the Tracy Police Department for assistance using his cellular telephone, he attempted to drive around the vehicle (to which Defendant GERARDO SHARROCK had returned), whereupon Defendant GERARDO SHARROCK drove his vehicle forward, causing the two vehicles to come into contact with each other.

24. After this encounter, fearing for his safety, Plaintiff exited his property by driving around the other vehicle and proceeded to drive northbound on Coral Hollow Road. The other vehicle followed until Plaintiff was pulled over by one or more City of Tracy police vehicle(s) with its lights flashing and siren blaring, with which Plaintiff complied after turning right onto Kavanagh Avenue where it was safe to stop.

25. Plaintiff is informed and believes and thereon alleges that such City of Tracy police vehicle(s) were being driven by Defendant S. FLORES, Defendant T. ZUNIGA, Defendant REYNA, and/or DOES 1 through 8; On June 29, 2006, officers S. Flores (Badge No. 1192), and at least six other officers whose names and badge numbers are currently unknown to Claimant, all employed by the Tracy Police Department and at all times described herein acting within the course and scope of their respective employment as police officers for the CITY OF TRACY, without reasonable or any cause, wrongfully directed Plaintiff to stop his truck by the use of flashing lights atop the police vehicle, wrongfully and falsely arrested Plaintiff at gunpoint, forced him to lie on the ground, forcibly and with unreasonable force handcuffed Plaintiff, and physically forced him to enter the police vehicle driven by Defendant S. FLORES, who drove him to the Tracy Police Station. At the Police Station, Plaintiff was kept in the holding cell, and wrongfully denied access to a telephone or an attorney, and was wrongfully prevented from filing charges against the intruders (Defendants GERARDO SHARROCK and AMBROSIO SEVESES) for assault, battery, and trespassing. After

- 6 -   SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND FOR CIVIL RIGHTS VIOLATIONS

PDF created with pdfFactory trial version www.pdffactory.com

being booked on charges wrongfully inflated to a felony, Plaintiff was transported to the County Jail facility near French Camp, San Joaquin County, in further and continuing violation of his rights.

26. While Plaintiff was being wrongfully and falsely imprisoned by San Joaquin County in cooperation with, and on behalf of, Defendant CITY OF TRACY, by and through the Tracy Police Department and Officer T. Zuniga (Badge No. 1013) and/or Officer Reyna (Badge 786) and DOES 9 through 13, all of whom were acting under color of law of the State of California and the United States and was acting in the course and scope of their respective employment by defendant CITY OF TRACY, without any due process, such as statutory notice and opportunity to be heard, conspired to, aided, abetted, and otherwise participated in the unlawful repossession of the Ford F-350 pickup in violation of the statutes governing such activities and the Due Process Clauses of the United States and California Constitutions. .

27. Defendants GERARDO SHARROCK and AMBROSIO SEVESES each demanded that Defendant CITY of TRACY arrest Plaintiff, and each brought criminal charges against Plaintiff for the contact between the vehicles, and Defendant CITY of TRACY, through the officers identified or otherwise referenced herein, subsequently participated in the wrongful prosecution of plaintiff, charging Plaintiff with a felony, to wit, the violation of Penal Code section 594(b)(1).

28. As a result of being wrongfully and falsely arrested, assaulted and battered, and falsely imprisoned in violation of his rights, Plaintiff has suffered damages including, but not limited to, pain and suffering, embarrassment, loss of and injury to his reputation, the cost of premiums on the bail bond, costs of pursuing the recovery of the Ford F-350 pickup, attorneys fees to defend against the wrongful prosecution and to assist in the bringing of this lawsuit, and other general damages of a scope and nature of which Plaintiff is not yet aware and that are necessarily not yet determinable. . It is expected that Plaintiff will continue to suffer damages as the proximate result of the violations of his rights by Defendants.

29. As a direct and proximate result of the violations of his rights by Defendants, Plaintiff has incurred damages in excess of the jurisdictional amount of this Court. The precise amount of Plaintiff's damages will be proven at trial.

30. On or about December 28, 2006, in compliance with Government Code §910. 2 and all

- 7 -   SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND FOR CIVIL RIGHTS VIOLATIONS

PDF created with pdfFactory trial version www.pdffactory.com

other applicable requirements, Plaintiff submitted his written claim to Defendant CITY OF TRACY for compensation for violation of his constitutional and statutory rights, and related damages including, but not limited to, pain and suffering, embarrassment, loss of and injury to his reputation, the cost of premiums on the bail bond, costs of pursuing the recovery of his Ford F-350 pickup, attorneys fees to defend against the wrongful prosecution and to assist in the bringing of this claim, and other general damages of a scope and nature of which Plaintiff was not then aware and that were necessarily not then determinable, and the damages that Plaintiff has continued to suffer as the proximate result of the violations of his constitutional and statutory rights by the individuals named or otherwise identified therein. A true and correct copy of said claim is attached hereto as Exhibit "A" and incorporated herein by this reference.

31. On or about January 17, 2007, defendant CITY OF TRACY served upon plaintiff's attorney a notice of denial of plaintiff's claim. A true and correct copy of said notice is attached hereto as Exhibit "B" and incorporated herein by this reference.

32. The instant action was timely initiated by the filing of the original complaint herein on July 16, 2007.

**FIRST CAUSE OF ACTION**
(Statutory and Common Law Violation Against Defendants
M J RECOVERY, CHERYL ANNE GOODWIN, aka CHERYL PARLEE, an individual;
GERARDO SHARROCK, an individual; AMBROSIO SEVESES & DOES 13-21)

33. Plaintiff realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 29, inclusive, as if fully set forth herein.

34. The foregoing acts, which were committed under color of law, collectively and individually violated Plaintiff's rights to be free from assault, false arrest and malicious prosecution, and his statutory rights under, inter alia,

    a. The Collateral Recovery Act (Business & Professions Code § 7500 et seq.), including but not limited to Section 7508.2(a) - unlawfully entering a secured area without the consent of the owner; Section 7508.3(d) – threat to take any action that cannot legally be taken; Section 7508.3(e) - false representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor.

- 8 -    **SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND FOR CIVIL RIGHTS VIOLATIONS**

PDF created with pdfFactory trial version www.pdffactory.com

    b. The Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 et seq.), the purpose of which is to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

    c. The Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), the purpose of which is to eliminate abusive debt collection practices by debt collectors. By their acts as set forth above, Defendants violated provisions of this Act, including but not limited to Section 806 – debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including the use or threat of violence, or use of obscene or profane language.

35. As a direct and proximate result of the violations of his constitutional and statutory rights by Defendants M J RECOVERY, a business entity of unknown form; CHERYL ANNE GOODWIN, aka CHERYL PARLEE, an individual; GERARDO SHARROCK, an individual; AMBROSIO SEVESES & DOES 14-21, Plaintiff has incurred damages in excess of the jurisdictional amount of this Court. The precise amount of Plaintiff's damages will be proven at trial. WHEREFORE, Plaintiff demands judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**
(Violation of the Collateral Recovery Act, the Rosenthal Fair Debt Collection Practices Act and the Fair Debt Collection Practices Act Against
Defendants CHASE AUTO FINANCE and DOES 21-25)

34. Plaintiff realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 29, inclusive, as if fully set forth herein.

35. Defendants CHASE and DOES 21-25 failed and refused to notify Plaintiff in writing within 60 days that he had 15 days to arrange to get the Ford F-350 back before it was sold, in violation of California Vehicle Code Section 2983.2. The foregoing acts, which were committed under color of law, collectively and individually violated Plaintiff's rights to be free from assault, false arrest and malicious prosecution, and his statutory rights under, inter alia, the Collateral Recovery Act (Business & Professions Code § 7500 et seq.), as well as the provisions of the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 et seq.) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

- 9 -   SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND FOR CIVIL RIGHTS VIOLATIONS

PDF created with pdfFactory trial version www.pdffactory.com

36. As a direct and proximate result of the violations of his rights by by virtue constitutional and statutory rights by Defendants CHASE and DOES 21-25, Plaintiff has incurred damages in excess of the jurisdictional amount of this Court. The precise amount of Plaintiff's damages will be proven at trial. WHEREFORE, Plaintiff demands judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Against Defendants CITY OF TRACY, S. FLORES, T. ZUNIGA, REYNA, DAVID KRAUSS, & DOES 1-13)

37. Plaintiff realleges and incorporates by reference each and every allegation of the above paragraphs 1 through 32, inclusive, as if fully set forth herein.

38. The foregoing acts, which were committed under color of law, collectively and individually violated Plaintiff's rights under, inter alia, the First, Fourth, Fifth, and Sixth Amendments of the United States Constitution; Section 1983 of Title 42 of the United States Code; article I of the State Constitution, and in violation of California and Federal statutory provisions.

39. Claimant is informed and believes and based thereon alleges that these acts were committed under color of law pursuant to policies adopted by the City Council through its Members, DAN BILBREY (then the Mayor), BRENT H. IVES (now the Mayor), IRENE SUNDBERG, EVELYN TOLBERT, and SUZANNE TUCKER, which policies were implemented by the Police Chief, Defendant DAVID KRAUSS, and with the express or implied approval of the City Manager, DANIEL HOBBS, and the City Attorney, DEBRA CORBETT, and that each of these individuals therefore participated in causing the injuries giving rise to this claim.

40. As a result of being wrongfully and falsely arrested, assaulted and battered, and falsely imprisoned in violation of his constitutional and statutory rights, Plaintiff has suffered damages including, but not limited to, pain and suffering, embarrassment, loss of and injury to his reputation, the cost of premiums on the bail bond, costs of pursuing the recovery of the Ford F-350 pickup, attorneys fees to defend against the wrongful prosecution and to assist in the bringing of this claim, and other general damages of a scope and nature of which Plaintiff is not yet aware and that are necessarily not yet determinable. . It is expected that Plaintiff will continue to suffer damages as the proximate result of the violations of his constitutional and statutory rights by Defendants CITY OF TRACY, S. FLORES, T. ZUNIGA, REYNA, DAVID KRAUSS, & DOES 1-13.

PDF created with pdfFactory trial version www.pdffactory.com

41. As a direct and proximate result of the violations of his constitutional and statutory rights by Defendants CITY OF TRACY, S. FLORES, T. ZUNIGA, REYNA, DAVID KRAUSS, & DOES 1-13, Plaintiff has incurred damages in excess of the jurisdictional amount of this Court. The precise amount of Plaintiff's damages will be proven at trial. WHEREFORE, Plaintiff demands judgment as hereinafter set forth.

## PRAYER

A.  For judgment on the First Cause of Action against Defendants M J RECOVERY, CHERYL ANNE GOODWIN (aka CHERYL PARLEE), GERARDO SHARROCK, AMBROSIO SEVESES, and DOES 13-21, in favor of Plaintiff according to proof;

B.  For judgment on the Second Cause of Action against Defendants CHASE AUTO FINANCE and DOES 21-25, in favor of Plaintiff according to proof;

C.  For judgment on the Third Cause of Action against Defendants CITY OF TRACY, S. FLORES, T. ZUNIGA, REYNA, DAVID KRAUSS, AND DOES 1-13, in favor of Plaintiff according to proof;

D.  For reasonable attorney's fees;

E.  For costs of suit incurred herein; and

F.  For such other and further relief as the Court deems proper.
.

Date: July ___, 2008                    BOLD, POLISNER, MADDOW,
                                                      NELSON & JUDSON


                                          By:_____
                                               Carl P. A. Nelson, Attorneys for Plaintiff

- 11 -    **SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND FOR CIVIL RIGHTS VIOLATIONS**

PDF created with pdfFactory trial version www.pdffactory.com