CARL P.A. NELSON          115118
BOLD, POLISNER, MADDOW, NELSON & JUDSON
A Professional Corporation
500 Ygnacio Valley Road, Ste. 325
Walnut Creek, CA  94596
(925) 933-7777

Attorneys for Plaintiff
NATHAN MILLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| NATHAN MILLER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> M J RECOVERY, a business entity of unknown form; CHERYL ANNE GOODWIN, aka CHERYL PARLEE, an individual; GERARDO SHARROCK, an individual; AMBROSIO SEVESES, an individual; CHASE AUTO FINANCE CORP., a Delaware corporation; CITY OF TRACY, a California municipal corporation; S. FLORES, an individual whose first name is unknown; T. ZUNIGA, an individual whose first name is unknown; Officer REYNA, an individual whose first name is unknown; DAVID KRAUSS, an individual, in his official capacity as the Police Chief; and DOES 1 through 25, inclusive, <br><br> Defendants. | No. 08-CV-01606-JAM-GGH <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION BY DEFENDANT CHASE AUTO FINANCE CORP. TO DISMISS SECOND CAUSE OF ACTION IN SECOND AMENDED COMPLAINT <br><br> Date: September 17, 2008 <br> Time: 9:00 a.m. <br> Judge: The Hon. John A. Mendez |

## INTRODUCTION

Defendant CHASE AUTO FINANCE CORP. ("CHASE") has submitted a "kitchen sink" motion to dismiss the Second Sauce of Action in the Second Amended Complaint herein.  Although the thrust of the motion to dismiss is the assertion that "Chase cannot be held liable for the acts of its repossession agent and therefore, no cause of action lies against Chase for the actions of MJR," the Second Cause of Action is not susceptible of attack on this basis.  Notwithstanding CHASE's

- 1 -   POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO DISMISS SECOND CAUSE OF
ACTION IN SECOND AMENDED COMPLAINT

assertion that "[a]ll of Plaintiffs allegations against Chase arise from circumstances surrounding MJR's actual repossession of the subject Vehicle in this action and the manner in which it was carried out," paragraph 35 specifically alleges that "Defendant[] CHASE ... failed and refused to notify Plaintiff in writing within 60 days that he had 15 days to arrange to get the Ford F-350 back before it was sold, in violation of California [Civil] [1] Code Section 2983.2." This failure has nothing to do with MJ Recovery; accordingly, the Second Cause of Action cannot be dismissed. [2]

In section IV of its Memorandum, CHASE asserts that under Civil Code Section 7507.13, it cannot be liable for the actions of MJ Recovery under the Collateral Recovery Act. For the reasons set forth below, this argument is based on a misinterpretation of the statutory language.

In section V of its Memorandum, CHASE asserts that it is not "a debt collector" under the Federal Fair Debt Collection Practices Act. However, the "facts" upon which CHASE seeks to rely – "Chase is not in the business of collecting debts owed or due to another" – are not found anywhere in the Second Amended Complaint. Accordingly, the allegations under the Federal Fair Debt Collection Practices Act are not subject to a motion to dismiss on this basis.

In Section VI of its Memorandum, after conceding that it *is* a debt collector under Civil Code section 1788.2, CHASE asserts that Miller's claims under the Rosenthal Fair Debt Collection Practices Act are not valid because "Chase cannot be liable for the actions of a repossession agency." The only authority cited for this statement is section 7507.13(b) of the Business & Professions Code, a provision of an entirely different Act found in an entirely different Code than the Rosenthal Fair Debt Collection Practices Act, and which contains no language linking it to the Rosenthal Fair Debt Collection Practices Act.

Finally, in Section VII of its Memorandum, CHASE asserts that Miller's claims under the Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act are barred by the respective statutes of limitation set forth in Cal. Civ. Code § 1788.30(f) and 15 U.S.C. §

---

1. CHASE correctly points out that the second Amended Complaint erroneously refers to the California Vehicle Code rather than the California Civil Code asserts that
2 Nor can CHASE achieve its objective by motion to strike, for it has not even attempted to identify which paragraphs of the second Amendment Complaint that it desires to be stricken.

- 2 -  **POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SECOND CAUSE OF ACTION IN SECOND AMENDED COMPLAINT**

1692k(d). This argument is not well-taken, for Miller was required to file a claim under the California Tort Claims Act in order to sue the City of Tracy for its illegal actions in support of the repossession begun an instituted at CHASE's request, and the statute of limitations was necessarily tolled during the pendency of this process.

Accordingly, the instant motion to dismiss should be denied in its entirety.

## STATEMENT OF FACTS

The Second Cause of Action, comprising paragraphs 1 through 29 (incorporated by paragraph 34) and paragraphs 35 and 36 of the Second Amended Complaint, alleges that Defendant CHASE has "violated Plaintiff's rights to be free from assault, false arrest and malicious prosecution, and his statutory rights under, inter alia, the Collateral Recovery Act (Business & Professions Code § 7500 et seq.), as well as the provisions of the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 et seq.) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)." Although many of the actions were undertaken by others for whom CHASE was legally responsible (¶¶ 18-20), in paragraph 35 it is specifically allege that "Defendant[] CHASE ... failed and refused to notify Plaintiff in writing within 60 days that he had 15 days to arrange to get the Ford F-350 back before it was sold, in violation of California [Civil] Code Section 2983.2."

## ARGUMENT

I. **THE MOTION TO DISMISS MUST BE DISMISSED BECAUSE MILLER HAS DULY ALLEGED A VIABLE CLAIM DIRECTLY AGAINST CHASE UNDER CALIFORNIA CIVIL CODE SECTION 2983.2.**

Under well settled federal law, a motion to dismiss can be granted against a cause of action only if the cause of action viewed as a whole, does not allege a factual basis upon which liability could be based against the defendant bringing the motion. E.g., *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480 (9th Cir. 1995) ("We take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. ... A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief. ...When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal was proper without converting the motion to one for summary

judgment.") Paragraph 35 asserts that CHASE has failed to comply with California Civil Code Section 2983.2. None of Defendant's arguments even purport to address this allegation. Accordingly, it is respectfully submitted that the motion to dismiss must be denied.

II. **CHASE REMAINS LIABLE TO MILLER UNDER BASIC AGENCY PRINCIPLES NOTWITHSTANDING SECTION 7507.13 OF THE BUSINESS & PROFESSIONS CODE.**

It is hornbook law that an innocent principal may be found responsible for the torts of its agent committed while acting within the scope of employment, even where the agent acts in excess of authority or contrary to instructions. 3 Witkin, Summary of Cal. La (10th ed. 2005), § 165, p. 208. It is plainly alleged in the Second Amended Complaint that "Defendant CHASE AUTO FINANCE COMPANY sought to collect a consumer debt by repossessing it through the agency of Defendant M J RECOVERY [making CHASE] subject to the provisions of the Collateral Recovery Act (Business & Professions Code § 7500 et seq.), as well as the provisions of the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 et seq.) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)" (¶ 18), and "CHASE ... determined to repossess the Ford F-350 pickup truck, and for that purpose contacted Defendant M J RECOVERY and/or Defendant CHERYL ANNE GOODWIN, also known as CHERYL PARLEE, and engaged said Defendant(s) to repossess the Ford F-350 pickup truck" (¶ 20). While MJ RECOVERY employees were attempting to repossess the truck in question, the physical altercation, false arrest and imprisonment occurred in the course of these activities. (¶¶ 21-29.) At this stage these allegations, liberally construed and in conjunction with reasonable inferences therefrom, suffice to establish a basis for vicarious liability on the part of CHASE for the actions of MJ RECOVERY.

**A. Section 7507.13 does not preclude liability under the Collateral Recovery Act.**

Subdivision (b) of section 7507.13 of the California Business & Professions Code states:

> The legal owner, debtor, lienholder, lessor or lessee, or the agent of any of them, is not liable for any act or omission by a licensed repossession agency, or its agent, in

> carrying out an assignment and is entitled to indemnity from the repossession agency for any loss, damage, cost, or expense, including court costs and attorney's fees.

CHASE argues that the phrase "[t]he ... lienholder... is not liable for any act or omissions by a licensed repossession agency" should be construed literally and in isolation with the phrase later in the same sentence that and "[t]he ... lienholder... is entitled to indemnity from the repossession agency for any loss, damage, cost, or expense." CHASE further argues, "Establishing entitlement to indemnity does not imply liability. For example, an insurance company's duty to indemnify its insured does not imply liability on the part of the insured against an injured party." Although this argument has some surface appeal, it must be rejected, because it runs counter to the law of indemnity as it has existed in this state since 1872. Civil Code section 2778, enacted in 1872, sets forth the following basic rules of indemnity in this state.

> In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears:
>
> 1. Upon an indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable;
>
> 2. Upon an indemnity against claims, or demands, or damages, or costs, expressly, or in other equivalent terms, the person indemnified is not entitled to recover without payment thereof;

The statutory provision in question is the latter type, for it states that the indemnity obligation is "for any loss, damage, cost, or expense"; thus, were CHASE to seek indemnity from MJ RECOVERY, under the terms of Civil Code section 2778, it would not be entitled to recovery "without payment thereof." Since the Legislature must be presumed to have taken into account existing applicable definitions in enacting a new statute, *e.g.*, *Arnett v. Dal Cielo*, 14 Cal.4th 4, 20-21 (Cal. 1996) (particularly with regard to "words and phrases of a well-known and definite sense in the law"), it necessarily follows that section 7507.13(b) does *not* provide a defense for CHASE, only a right of indemnity against MJ RECOVERY once it has paid MILLER.

This analysis is confirmed by the Enrolled Bill Report prepared by the State and Consumer Services Agency on September 8, 1995:

- 5 -   POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SECOND CAUSE OF ACTION IN SECOND AMENDED COMPLAINT

> ***The sponsor has added a provision that clarifies the tort liability between the owner and the repossessor. The sponsor indicates this provision simply makes the culpable party responsible for any judgment*** in favor of a consumer. ....
>
> [¶¶]
>
> ***The sponsor insists this provision is not intended to limit the rights of debtors, only to shift the liability for an act or omission to the culpable party.*** The provision requires the owner or repossessor to indemnify the other for any loss, court costs or attorney fees incurred as a result of an act or omission.

Enrolled Bill Report for Assembly Bill 1541 (Dept. of Consumer Affairs 09-08-1995), page 4 (attached as Exhibit A to Request for Judicial Notice). Accordingly, it is respectfully submitted that section 7507.13(b) does not provide CHASE with a defense against MILLER's claims under the Collateral Recovery Act.

**B. Section 7507.13 does not preclude liability under the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788 et seq.).**

If, as described in the preceding section of this Memorandum, Business & Professions Code section 7507.13(b) does not provide CHASE with a defense against MILLER's claims under the Collateral Recovery Act, it would necessarily follow that there would be no defense for claims under the would clearly apply to liability under the Rosenthal Fair Debt Collection Practices Act codified in California Civil Code section 1788 and following. Moreover, even if the Court should conclude that section 7507.13(b) *does* provide CHASE with a defense against MILLER's claims under the Collateral Recovery Act, that ruling should not in any way effect MILLER's claims under the Rosenthal Fair Debt Collection Practices Act under an entirely separate Code. Although there does not appear to be a case that squarely addresses the inapplicability of Business & Professions Code section 7507.13(b) to claims under the Rosenthal Fair Debt Collection Practices Act, several district courts have concluded that a defense (the litigation privilege under California Civil Code section 47) cannot be "imported into" the Rosenthal Fair Debt Collection Practices Act, reasoning that to do so "'would effectively immunize conduct that the Act prohibits ... [and] would vitiate the Rosenthal Act and render the protections it affords meaningless.'" *Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F.Supp.2d 1207, 1212 (E.D.Cal.,2008), quoting *Oei v. N. Star Capital Acquisitions, LLC*, 486 F.Supp.2d 1089, 1100-1101 (C.D.Cal.2006); *.Butler v. Resurgence Financial, LLC*, 521 F.Supp.2d 1093, 1096 (C.D.Cal.,2007). The same analysis weould apply to the attempt by CHASE

- 6 -   **POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SECOND CAUSE OF ACTION IN SECOND AMENDED COMPLAINT**

1  to "import" the provisions of section Business & Professions Code section 7507.13(b) – found in the
2  Collateral Recovery Act – into the Rosenthal Fair Debt Collection Practices Act.
3  Accordingly, Business & Professions Code section 7507.13(b) does not provide CHASE with
4  a defense to MILLER's claims under the Rosenthal Fair Debt Collection Practices Act.

III.  **CHASE'S ASSERTION THAT IT IS NOT "A DEBT COLLECTOR" UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT IS NOT BASED ON ANY FACTS PROPERLY BEFORE THE COURT AND CANNOT SERVE AS A BASIS FOR A MOTION TO DISMISS.**

Elementary principles applicable to motions to dismiss require that factual allegations relied upon by the Court – except in circumstances not present here – be set forth in the complaint being challenged. *Cf. Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir., 1980) (defense not apparent on the face of the complaint); *Cooper v. Bell*, 628 F.2d 1208, 1210, fn. 2 (9th Cir., 1980). The allegation upon which CHASE's entire argument is based – – is not found in the complaint and cannot therefore be the basis for a conclusion that MILLER has no cause of action against CHASE under the Federal Fair Debt Collection Practices Act. Accordingly, it is respectfully submitted that CHASE's argument that it is entitled to a ruling in its favor on this motion should be rejected.

IV.  **MILLER'S CLAIMS UNDER THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ARE NOT BARRED BY THE RESPECTIVE STATUTES OF LIMITATION, WHICH WERE TOLLED FOR THE PERIOD OF TIME THAT THE CITY OF TRACY WAS ACTING ON MILLER'S CLAIM.**

It is settled law that "a motion to dismiss ... based on the running of the statute of limitations... can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir., 1980). Here, the allegations of the Second Amended Complaint simply do not preclude proof that the referenced statutes of limitations were tolled.

The equitable tolling doctrine applies both to the state statute of limitations, see e.g., *Bollinger v. National Fire Ins. Co. of Hartford, Connecticut* (Cal. 1944) 25 Cal.2d 399, 406-410, and the federal statute of limitations, see., *Alvarez-Machain v. U.S.*, 107 F.3d 696, 701 (9th Cir. 1996) (tolling applies to federal statutes of limitation unless Congress specifically says otherwise). Accordingly, it

- 7 -   POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS SECOND CAUSE OF ACTION IN SECOND AMENDED COMPLAINT

is respectfully submitted that at this juncture, a motion to dismiss based on the statutes of limitation referenced in CHASE's Memorandum is not well-founded and should be denied.

## CONCLUSION

The instant motion to dismiss the Second Cause of action against CHASE does not address the specific allegation of paragraph 35 that "Defendant[] CHASE … failed and refused to notify Plaintiff in writing within 60 days that he had 15 days to arrange to get the Ford F-350 back before it was sold, in violation of California [Civil] Code Section 2983.2." Accordingly, the motion to dismiss must be denied in its entirety, and the Court need not even reach the remaining arguments made by Defendant CHASE. Nor can CHASE expect this Court to grant a motion to strike, for nowhere in their notice did CHASE identify which allegations that it sought to strike; elementary notions of due process require such notice.

Should the Court determine to decide any of the further assertions made by CHASE in support of its motion to dismiss, it is respectfully submitted that each should be rejected for the reasons set forth above.

Date: September 4, 2008

BOLD, POLISNER, MADDOW,
NELSON & JUDSON

By: *Carl P. A. Nelson*
Carl P. A. Nelson, Attorneys for Plaintiff