1

2

3

4

5

6

7

8       IN THE UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NATHAN MILLER, an individual,

11            Plaintiff,                              No. CIV S-08-1606 KJM GGH

12       vs.

13   M J RECOVERY, a business entity of
     unknown form; CHERYL ANNE GOODWIN,
14   aka CHERYL PARLEE, an individual;
     GERARDO SHARROCK, an individual;
15   AMBROSIO SEVESES, an individual;
     CHASE AUTO FINANCE CORP., a Delaware
16   corporation; CITY OF TRACY, a California
     municipal corporation; S. FLORES, an
17   individual whose first name is unknown; T.
     ZUNIGA, an individual whose first name is
18   unknown; Officer REYNA, an individual
     whose first name is unknown; DAVID
19   KRAUSS, an individual, in his official
     capacity as the Police Chief; and DOES 1
20   through 25, inclusive,

21            Defendants.                             ORDER

22   _____/

23            This case was removed from San Joaquin County Superior Court on July 10,

24   2008.  ECF No. 1.  On October 3, 2008, the court granted a motion to dismiss by defendant

25   Chase Auto Finance Corp.  ECF No. 24.

26   /////

1

On February 13, 2009, at plaintiff's request, the Clerk entered default against defendants MJ Recovery, Cheryl Anne Goodwin, Gerardo Sharrock, and Ambrosio Seveses. ECF Nos. 29 & 30.  On July 1, 2010, the court requested a status report and on July 23, 2010, plaintiff said he would be seeking entry of default judgment.  ECF Nos. 31, 32.

Despite this assurance, plaintiff did nothing until February 28, 2011, when he responded to the court's order to show cause, which directed him to demonstrate why this action should not be dismissed for failure to prosecute.  ECF No. 36.

In response to the order to show cause, plaintiff says that all that remains to resolve his first cause of action, for unlawful repossession of plaintiff's vehicle, is the entry of a default judgment.  Counsel claims that his "office is in the process of obtaining a default hearing date and time before The Honorable Gregory G. Hollows."  ECF No. 37 at 2.  He also claims to be reviewing a draft declaration in support of the default judgment; he has attached the two page, fill-in-the-blank declaration.  *Id*. at 2, 9-10.  Finally, he asks that the third cause of action against the City of Tracy and several of its police officers, who have not yet been served, be returned to state court after the resolution of the default.  *Id*. at 2.

As of this writing, there is nothing on the court's docket to indicate plaintiff has taken steps to set the request for the entry of default on calendar.

A court has the inherent authority to dismiss a case for failure to prosecute, but the exercise of that authority should be guided by (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (court may dismiss a case sua sponte for failure to prosecute); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

A party's unreasonable delay in pursuing his case impacts the public's interest in expeditious resolution of the litigation.  *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).  This action was removed from the Superior Court in 2008, yet in the intervening years plaintiff has

1  done little but oppose one defendant's motion to dismiss and ask the Clerk to enter default.  Even

2  in responding to the court's order to show cause, counsel makes no attempt to explain why it has

3  taken him almost three years to take any action in the case.  In the more than eight weeks since

4  his response to the order to show cause, plaintiff apparently has failed to review and finalize a

5  two page declaration and has failed to file and calendar a motion for the entry of a default

6  judgment.  The first factor favors dismissal.

7          The second factor – the court's need to manage its docket – also favors dismissal.

8  Plaintiff has taken very little initiative; since securing the entry of default in 2009, he has acted

9  only at the court's prompting and even then served up less than half a loaf.

10          Regarding the third factor, the failure to prosecute diligently is deemed sufficient

11  prejudice to defendants because the law presumes injury from unreasonable delay.  *In re Eisen*,

12  31 F.3d at 1452.  It is not clear however that the court may presume prejudice when, as in this

13  case, defendants have not answered and the clerk has entered default.  This factor does not favor

14  dismissal.

15          Although the court would prefer to reach the merits of this case, nothing in its

16  history suggests that the action ultimately will be resolved on the merits should the court not

17  dismiss.  As noted, the clerk has entered default against some of the defendants and plaintiff

18  seeks a remand to state court on a different cause of action, even though no defendants have been

19  served as to that claim.  The policy underlying the fifth factor does not outweigh plaintiff's

20  delay.

21          Finally, in the order to show cause, the court cautioned plaintiff that dismissal

22  was a possibility in light of the delay.  Even so, plaintiff has not followed up on his assurance,

23  first made in July 2010, to seek default judgment against the remaining defendants.  At this

24  point, given plaintiff's nonresponsiveness, no less drastic action than dismissal remains available

25  to the court.

26  /////

1          IT IS THEREFORE ORDERED that this case is dismissed for failure to

2  prosecute.

3  DATED:  May 4, 2011.

 

 

_____

UNITED STATES DISTRICT JUDGE

2
mill1606.41(b)